UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v().                                        Case No. 8:03-cr-273-T-23MAP

MICHAEL DAVID MCDONALD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

In July 2004, the Court sentenced Defendant to 188 months for possession with intent to distribute 50 or more grams of cocaine base (doc. 25). Defendant has moved unsuccessfully three times for the Court to reduce his sentence (doc. 53-54, 56-57, 65-66), in addition to unsuccessfully appealing (doc. 62). In the Court's most recent denial (its third), the District Judge explained:

> [a] January 4, 2012 order (doc. 54), denied McDonald's motion (Doc. 53) for a sentence reduction ... because McDonald was sentenced as a 'career offender.' . . . McDonald renewed his motion for a sentence reduction (Doc. 56), which was denied. (Doc. 57) Once a sentence is imposed, a court has jurisdiction to amend only under narrow circumstances, none of which is present in this case.

(Doc. 66). Defendant's January 2014 Notice of Appeal (doc. 67), challenges this order, and he now seeks leave to proceed on appeal *in forma pauperis* (doc. 69).

Defendant's application is not well taken as he must show he takes his appeal in "good faith." 28 U.S.C. § 1915(a)(3). "Good faith" under 28 U.S.C. § 1915 is established by "the presentation of any issue that is not plainly frivolous"; in other words, denial would be warranted if the issue raised was "so frivolous that the appeal would be dismissed in the case of a

nonindigent litigant." *See Ellis v. United States*, 356 U.S. 674, 674-75 (1958); *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). For the reasons stated by the Court in its December 12, 2013, Order, I find the appeal frivolous and recommend the Defendant's *in forma pauperis* application (doc. 69) be denied.

IT IS SO REPORTED at Tampa, Florida on March 11, 2014.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attaching the factual findings on appeal. 28 U.S.C. § 636(b)(1).